

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00270-CR

THOMAS PETER ANGONG MANYANG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 73,904-A, Honorable Dan L. Schaap, Presiding

November 5, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Thomas Peter Angong Manyang, appeals his conviction for aggravated assault with a deadly weapon after a bench trial. He raises two issues. First, he contends that the trial court erred by admitting hearsay evidence under the present sense impression exception. Second, he contends that the trial court erred in admitting a video recording because it did not comply with art. 38.22, section 3(a)(2) of the Texas Code of Criminal Procedure. We affirm.

*Background*

On the morning of May 22, 2017, police responded to a possible stabbing at an apartment. Upon arriving at the scene, police discovered a male outside the apartment who appeared to be injured. After entering the apartment, officers discovered a female lying on the ground with multiple stab wounds, two knives with blood on them, and two small children in a bedroom. One of the children told the officer, "Thomas is the one that killed my mom." An officer reiterated this at trial over appellant's hearsay objection.

Police officers arrested appellant the same day of the attack after tracking him through an ankle monitor. The ankle monitor placed appellant at the scene of the crime around the time police were dispatched. When appellant was arrested, his clothes had the victim's blood on them.

*Discussion*

By his first issue, appellant contends that the trial court committed reversible error when admitting a hearsay statement from a child. We overrule the issue.

Evidence erroneously admitted will not result in reversal when like or substantially similar evidence was received without objection. *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010); *Tovar v. State*, No. 05-17-00525-CR, 2018 Tex. App. LEXIS 4911, at *15-16 (Tex. App.—Dallas June 29, 2018, pet. ref'd) (mem. op., not designated for publication). In those circumstances, the purported error normally is rendered harmless. *Tovar*, 2018 Tex. App. LEXIS 4911, at *15-16. Assuming *arguendo* that the trial court erred in admitting the purported hearsay statement uttered by the child, it was harmless given the admission of similar testimony from another source. Without

objection, the victim testified about appellant beating her with his hand and then stabbing her with a knife as she attempted to flee.

By his second issue, appellant argues that the trial court committed reversible error when it admitted exhibit 156. The latter is one of two videos admitted into evidence. Appellant objected to the admission of both at trial but complains here only of exhibit 156. The substance of his complaint consists of the contention that "[t]he video recording does not affirmatively show that Appellant was given his *Miranda* warnings prior to or during the interview." Consequently, admission of the video violated the Fifth Amendment of the United States Constitution and art. 38.22, § 3(a)(2) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(2) (West 2018) (stating that "[n]o oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused . . . unless . . . prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning"). We overrule the issue.

Exhibit 155 memorialized an interview between appellant and the police after his arrest and while sitting in a police car. On the exhibit, one can hear appellant being told the admonishments required by art. 38.22, § 3(a) of the Texas Code of Criminal Procedures, which admonishments include the *Miranda* warnings.

Exhibit 156 (the one at issue here) memorialized an interview between appellant and investigators at the police station. The same art. 38.22, § 3(a) admonishments were not reiterated by the investigating officer before the interrogation began. Instead, he 1) asked appellant if appellant understood that the interrogating officer read his rights to him

3

earlier and 2) stated all "that still applies." To that, appellant answered in the affirmative. The officer also told appellant he did "not have to talk" to him and that he (appellant) could ask for a lawyer and "all that good stuff." In response, appellant asked for opportunity to pray before he spoke, which opportunity was afforded him. That lead to appellant discussing, among other things, his relationship with the victim, his alleged love for her, her purported infidelity, his finding her with another man, his becoming enraged at the discovery, his ensuing assault upon the other man and the victim, and the reason why he stopped.

Before the exhibit was offered into evidence, though, the interrogating officer was asked questions about it. One involved whether appellant "admit[ted] to stabbing [the victim] with a knife that had been recovered on the scene." The officer answered: "Yes, he did." Through another, the prosecutor asked if appellant disclosed why he "stopped the assault." The witness responded: "[h]e said that the - one of her sons, a little boy. . . he was about six or so, had come in and seen the assault and said, something to the effect of, Thomas, you are killing Mom or, Thomas, stop killing Mom or something like that." Appellant did not object to either of the two questions or their answers. To that we add evidence not only of appellant admitting, in exhibit 155, that he had blood on the clothes he wore when arrested but also of DNA analysis indicating the blood stains appearing on his pants was that of the victim.

Again, assuming *arguendo*, that the trial court erred in admitting exhibit 156, the error was harmless, beyond reasonable doubt. *See* TEX. R. APP. P. 44.2(a) (stating that if the appellate record in a criminal case reveals constitutional error subject to review for harm, the court of appeals must reverse unless it determines beyond reasonable doubt

4

that the error did not contribute to either the conviction or punishment). The indicia leading us to that conclusion are 1) appellant previously having been afforded the *Miranda* and art. 38.22, § 3(a) admonishments, as depicted in exhibit 155, 2) appellant forgoing complaint on appeal about the admission of exhibit 155, 3) appellant being reminded in exhibit 156 of those admonishments before the interrogation began, 4) appellant's affirmative response when so reminded, 5) his admission in exhibit 155 about blood being on his clothes, 6) analysis indicating some of the blood was the victim's, 7) the interrogating officer reiterating (without objection) appellant's admission to stabbing the victim and why appellant stopped, 8) the victim's identification of appellant as her assailant, and 9) the fact-finder being a judge as opposed to a potentially impressionable layperson. Not only did like evidence come in elsewhere without objection, appellant revealed his awareness of the very admonishments missing from the video and his willingness to still talk. Any impact of the missing admonishments upon appellant's confession, conviction, and punishment was and is nonexistent, given a neutral, impartial consideration of the entire appellate record. *See Snowden v. State*, 353 S.W.3d 815, 818 (Tex. Crim. App. 2011) (discussing the standard by which an appellate court must conduct a harmless error review when the error implicates constitutional rights).

Having overruled the two issues before us, we affirm the judgment of the trial court.

Per Curiam

Do not publish.